years." The Disability Review Team again determined that Marissa did not satisfy the durational requirement. Its report made no mention of the medical reports of attending physicians and apparently relied upon a report from a Dr. Bacsik which was not part of the hearing record. At the fair hearing, which was conducted more than 12 months after Marissa's birth, petitioner testified that Marissa continues to suffer bronchopulmonary problems.

The sole statement in the fourth report of the Disability Review Team supporting its determination is that Marissa's prognosis for recovery is excellent. That statement was based upon a physician's report that was not part of the record at the fair hearing. The complete medical record and social history submitted to the Disability Review Team *(see,* 18 NYCRR 360.35 [c]) also were not part of the hearing record. We conclude, therefore, that the third and fourth determinations of the Disability Review Team lack specificity and detail and, because the conclusory findings are not supported by any medical evidence and are substantially controverted by the reports of treating physicians and testimony at the fair hearing, the written reports were not of sufficient relevance and probative character to constitute substantial evidence *(see, People ex rel. Vega v Smith, supra,* at 140; *Matter of Wynter v Jones,* 135 AD2d 1032, *supra).* In reaching this conclusion, we have considered the medical reports of treating physicians solely for the purpose of determining whether the reports of the Disability Review Team, standing alone, constitute substantial evidence. (Article 78 proceeding transferred by order of Supreme Court, Jefferson County, Inglehart, J.) Present— Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.

■ VAN-HALLORAN EQUIPMENT, INC., Respondent, v JOHN W. WADE, Appellant, et al., Defendants.—

GERALD F. CRAMER, Individually and as Parent and Natural Guardian of JASON CRAMER, an Infant, Appellant, v TOLEDO SCALE Co., INC., et al., Respondents. (Appeal No. 1.)—

In October 1980, plaintiff commenced this action alleging causes of action in negligence, strict products liability and breach of warranty. In February 1988, defendants moved for summary judgment dismissing plaintiff's claims based upon allegations of failure to warn, and in August 1988, defendants moved to dismiss plaintiff's causes of action in negligence and strict products liability "to the extent they assert a claim of manufacturing defect." Supreme Court granted both motions, and we affirm.

A manufacturer of a product can be held liable for failing to "provide adequate warnings regarding the use of the product" (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107; see also, Sukljian v Ross & Son Co., 69 NY2d 89, 94; Torrogrossa v Towmotor Co., 44 NY2d 709, 711) if it is established that defendant's failure to warn is the proximate cause of plaintiff's injury (Belling v Haugh's Pools, 126 AD2d 958, 959, lv denied 70 NY2d 602). Adequate warnings must be given concerning dangers inherent in the contemplated use or reasonably foreseeable misuse of the product (Trivino v Jamesway Corp., 148 AD2d 851, 852, citing McLaughlin v Mine Safety Appliances Co., 11 NY2d 62; Howard Stores Corp. v Pope, 1 NY2d 110; see also, Miller v Anetsberger Bros., 124 AD2d 1057).

In support of the claim of failure to warn, plaintiff asserts that defendants should have equipped the grinder with a "power-on" light and should have placed a written or visual warning on the grinder to alert a user of the danger of inserting one's hand into its feed chute. The record demonstrates, however, that the absence of a "power-on" light